**Michael CIEKLINSKI; and Allan Nairn,\* Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 05–75079.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 \*\*.

Filed March 16, 2007.

Michael Cieklinski, Henderson, NV, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The Clerk shall amend the docket to reflect that Allan Nairn is also a Petitioner in this case.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*

Regional Director, National Labor Relations Board, Phoenix, AZ, Aileen A. Armstrong, Esq., Fred B. Jacob, Gregory Lauro, Esq., National Labor Relations Board, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Michael Cieklinski and Allan Nairn petition pro se for review of a decision of the National Labor Relations Board ("NLRB") limiting an award of damages to identified traveling workers whose federal statutory rights had been violated by a local union. We dismiss the petition for review.

Petitioners lack standing to challenge the NLRB's order affirming the award of damages to petitioners, and setting aside the award of damages to unidentified traveling workers. *See* 29 U.S.C. § 160(f) (any person "aggrieved" by a final order of the NLRB may obtain review in court of appeals); *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 610 (9th Cir.2005) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties") (quoting *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

We also lack jurisdiction to review the back-pay computation because petitioners did not exhaust their administrative remedies by appealing the computation to the General Counsel, and then to the NLRB. *See* 29 C.F.R. § 102.53; *Nat'l Labor Rela-tions Bd. v. Southeast Ass'n for Retarded Citizens, Inc.*, 666 F.2d 428, 432 (9th Cir. 1982) ("failure to exhaust administrative procedures ... precludes review of [an] issue" in a court of appeal) (citation omitted). Consequently, there is no final order of the NLRB for this court to review. *See* 29 U.S.C. § 160(f).

We deny all pending motions.

**PETITION FOR REVIEW DISMISSED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

